**Sulinderpal SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74928.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., DOJ—U.S. Department of Justice Civil, Div./Office of Immigration Lit., Michelle Morales, Office of Immigration Litigation Criminal Division, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Sulinderpal Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") upholding an Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Sidhu v. INS,* 220 F.3d 1085, 1088 (9th Cir.2000), we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility finding based on discrepancies regarding Singh's identity and his failure to provide easily available corroborating documents. *See id.* at 1092. For example, Singh testified that he was persecuted for being a Sikh and his Sikh political activities, yet Singh testified that he and his family had Hindu names and that he added the name Singh to his Hindu name, Sulinder Pal, after coming to the United States.

Because Singh cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

We lack jurisdiction to consider Singh's challenge to the denial of CAT relief because he failed to exhaust it before the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.